Document    Page 1 of 4

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE:

Don R. Kight, Jr.,

Debtor.

C/A No. 11-01034-dd

Chapter 7

**ORDER**

This matter is before the Court on a Motion to Allow Case to Proceed in the District of South Carolina ("Motion") filed by Don R. Kight, Jr. ("Debtor") on February 18, 2011. The United States Trustee ("UST") filed an Objection to Debtor's Motion on March 14, 2011. A hearing was held on March 17, 2011. At the conclusion of the hearing, the Court took the matter under advisement. After consideration of the evidence and arguments presented at the hearing, the Court makes the following Findings of Fact and Conclusions of Law.

**FINDINGS OF FACT**

Debtor filed for chapter 7 relief in this District on February 18, 2011. Debtor is an attorney who lives in Asheville, North Carolina and practices law in the Western District of North Carolina. Debtor practices primarily bankruptcy law and is a certified bankruptcy specialist. Debtor's Motion states that he has practiced bankruptcy law in North Carolina for over ten years and has close personal relationships with all of the trustees in the Western District of North Carolina. He also states that he is well-acquainted with all of the bankruptcy judges and the bankruptcy administrator in that district. As a result, Debtor indicates that all of these individuals would likely have a conflict of interest in his case, causing the administration of his case to be lengthy and complicated. Debtor's Motion states that while he does not currently reside in South Carolina, he has many connections to South Carolina, as he went to college and law school in the state and "regularly visits family in SC."

Debtor indicates that his bankruptcy filing was necessitated by an unfortunate combination of circumstances, including Debtor's divorce and an illness. Debtor's Schedule I shows an average monthly income, after payroll deductions, of $5,363.95. Debtor's Schedule J shows average monthly expenses of $6,590.43, leaving Debtor with a monthly negative disposable income of $1,226.48. Debtor's Schedule D shows $264,000 in secured debt and his Schedule F shows $347,931.90 of unsecured debt, the majority of which appears to be business-related. Debtor also lists $21,000 of federal priority taxes on his Schedule E.

## CONCLUSIONS OF LAW

28 U.S.C. § 1408 governs venue in bankruptcy cases and provides:

Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district –
(1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or
(2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

In Debtor's case, venue in this District is clearly not proper. Debtor resides and operates his business in North Carolina and has done so for several years. Debtor does not do any business in South Carolina and does not own property here. Debtor is domiciled in North Carolina, and his principal assets are in North Carolina. While Debtor's Motion states that Debtor grew up and went to college and law school in South Carolina, Debtor moved away from the state upon graduation and apparently has not lived in South Carolina during any period of time since, including during any portion of the 180-day period immediately prior to his bankruptcy filing.

The applicable Federal Rule of Bankruptcy Procedure, Rule 1014, provides two paths for considering venue issues. Which path a judge should take depends upon the propriety of the original venue choice. Rule 1014(a)(2) states:

> If a petition is filed in an improper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may dismiss the case or transfer it to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

Fed. R. Bankr. P. 1014(a)(2). While the language of this rule is not entirely clear, courts have held that Rule 1014(a)(2) permits a court to either dismiss or transfer a case, but does not allow a judge any discretion to retain a case. *See In re Great Lakes Hotel Assocs.*, 154 B.R. 667, 671 (E.D. Va. 1992) ("To the extent a case is covered by Section 1406, a court which has found that its district is an improper venue has no option to retain jurisdiction."); *In re Swinney*, 300 B.R. 388, 392–93 (Bankr. M.D. Ga. 2003) (holding a bankruptcy court has no discretion to retain cases where venue is not proper, based on 28 U.S.C. § 1406); *In re McDonald*, 219 B.R. 804, 805–06 (Bankr. W.D. Tenn. 1998) ("The majority of courts that have ruled on the issue has held that the bankruptcy court does not have discretion to retain jurisdiction over such an improperly venued case where a creditor timely files an objection."). This court agrees with this interpretation of Rule 1014(a)(2); thus, if the Court finds that venue in Debtor's case is improper, Debtor's case must either be transferred or dismissed.

The Court has no discretion to retain a case when venue is improper, as in Debtor's case. As a result, Debtor's case must either be transferred or dismissed. Debtor indicated at the hearing that he, given only those two choices, preferred transfer of his case to North Carolina. Debtor's case should be transferred to the Western District of North Carolina.

**CONCLUSION**

Venue is not proper in the District of South Carolina, and in the absence of a proper basis for venue, the Court has no discretion to retain Debtor's case, but instead must either transfer or dismiss it. The Court finds that Debtor's case should be transferred to the Asheville Division of Western District of North Carolina.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**03/18/2011**



Entered: 03/18/2011

David R. Duncan
US Bankruptcy Judge
District of South Carolina